**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

PNC BANK, NATIONAL ASSOCIATION,

        Plaintiff,

vs.                                                    Case No. 5:14-cv-573-Oc-32PRL

MDTR, LLC, a Florida limited liability company
as Trustee under the 13232 Sugarbluff Land
Trust dated November 30, 2012, SERGE COTE
as Trustee of the Serge Cote Family Trust
dated 5-23-00, and BANK OF AMERICA, N.A.,

        Defendants.

**ORDER**

As alleged in the complaint in this foreclosure action, plaintiff PNC Bank is the holder of notes on two properties used to secure loans made to Gary and Lori Flagg. The Flaggs defaulted on the loans, abandoned the properties, and filed for Chapter 7 bankruptcy. In 2012, the bankruptcy trustee sold the bankruptcy estate's interest in the two properties to defendant MDTR, LLC, subject to all liens and encumbrances. PNC now seeks to foreclose on the two properties. MDTR has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 10) arguing that while PNC may seek to recover the amounts due on its notes, it may not seek to recover postpetition interest, late charges, attorney's fees, and associated costs because it has not alleged that it was an oversecured creditor at the time the Flaggs declared bankruptcy. PNC has responded in opposition (Doc. 11).[1]

---

[1] The case is here under the Court's diversity jurisdiction. As alleged in the complaint, PNC is a citizen of Delaware, the sole member of defendant MDTR, LLC is a citizen of Florida (and MDTR, LLC is therefore a citizen of Florida), defendant Serge Cote is a citizen

It is true that under the Bankruptcy Code, only oversecured creditors are entitled to interest and fees. See 11 U.S.C. § 506(b); United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Ass'n, 484 U.S. 365, 372-73 (1988) (explaining that undersecured creditors are generally not entitled to postpetition interest); In re Electric Mach. Enter., Inc., 371 B.R. 549, 550 (Bank. M.D. Fla.2007) (holding that "unsecured and undersecured creditors are not entitled to recover post-petition attorneys' fees and similar costs").

However, this is not an action by a creditor in a bankruptcy proceeding. Rather, this is an in rem action under state law to foreclose on a mortgage, an interest in real property which "passes through" the bankruptcy unaffected. Johnson v. Home State Bank, 501 U.S. 78, 83 (1991). See also In re Wrenn, 40 F.3d 1162, 1164 (11th Cir. 1994) (explaining that a bankruptcy "discharge does not affect liability in rem, and prepetition liens remain enforceable after discharge") (citing Johnson); In re Evans, 2005 WL 3845700, *3 (Bank. N.D. Fla. Mar. 9, 2006) (explaining that while a Chapter 7 debtor who has received a discharge "is no longer personally liable for a mortgage," "the mortgage debt still exists, and is still enforceable against the home and the land on which it sits") (emphasis omitted). Thus, the mortgage "remains enforceable to the extent permitted under state law." In re Pierre, 194 B.R. 927, 929 (Bank. S.D. Fla. 1996). See also Jordan v. Citimortgage, Inc., 2014 WL 695211 (N.D. Ga. Feb. 24, 2014) (holding that while plaintiff's bankruptcy

---

of Florida, and defendant Bank of America, N.A. is a citizen of North Carolina. The alleged amounts due on the two notes exceeds $2,000,000 (and is well in excess of $75,000 even subtracting the sums MDTR claims PNC cannot recover). Defendants Cote and Bank of America are alleged to be junior lienholders. Bank of America has answered the complaint; a clerk's default was recently entered against Cote. The Flaggs (the original borrowers) are not parties to this lawsuit.

discharge extinguished his personal liability, the bank's right to foreclose on the property secured by the loan survived the bankruptcy and remained enforceable under the terms of the note, which included the power to sell to recover the original debt, plus interest and other charges).

MDTR has cited no authority (and the Court has found none) holding that a postpetition mortgage holder may not recover interest or fees as provided in the terms of a mortgage security agreement unless its in personam claim in bankruptcy was oversecured. This is because, as explained in Johnson and the other authorities cited herein, an in rem action such as a mortgage passes through the bankruptcy unaffected, remaining enforceable under state law pursuant to its terms.  Here, as alleged in PNC's complaint, those terms includes payment of interest, and various fees upon default. See Doc. 1 (Complaint) at Exhibits 1-4, 6-10, 12-16  (loan documents, including publicly recorded mortgages and mortgage modification agreements).  PNC's failure to allege that it was an oversecured creditor in the bankruptcy proceeding has no affect on its ability to state a claim for foreclosure seeking to recover principal, accrued interest, late charges, expenses, costs and attorney's fees from the property in rem.

Accordingly, it is hereby

**ORDERED**:

1.	Defendant MDTR, LLC's Motion to Dismiss (Doc. 10) is **denied**. No later than **April 22, 2015**, defendant MDTR, LLC shall file an answer to plaintiff's complaint.

2.	No later than **April 22, 2015**, plaintiff shall advise of its intentions as to defendant Serge Cote, as to whom it has already secured a clerk's default (see Doc. 18).

3.      The parties shall otherwise continue to be governed by the Court's Case Management and Scheduling Order (Doc. 22).

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of April, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record