## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**PNC BANK, NATIONAL**
**ASSOCIATION,**

      **Plaintiff,**

**v.**                                                                        **Case No: 5:14-cv-573-Oc-32PRL**

**MDTR LLC, SERGE COTE and BANK**
**OF AMERICA, N.A.**

      **Defendants.**

_____

## ORDER

This matter is before the Court on Plaintiff's motion to compel the deposition of Defendant MDTR, LLC's corporate representative.  (Doc. 30).  In this foreclosure action, Plaintiff alleges that it is the holder of notes on two properties used to secure loans made to Gary and Lori Flagg. The Flaggs defaulted on the loans, abandoned the properties, and filed for Chapter 7 bankruptcy. In 2012, the bankruptcy trustee sold the bankruptcy estate's interest to MDTR subject to all liens and encumbrances.   Plaintiff now seeks to foreclose on the two properties.   In its answer, MDTR asserts two affirmative defenses – i.e., contesting the authenticity of the original promissory note and challenging Plaintiff's standing to maintain this action.  (Doc. 27).  Plaintiff seeks to depose MDTR's corporate representative to explore the factual basis for these defenses.

In its motion, Plaintiff details its efforts to set the deposition and Defendant's failure to cooperate.  Specifically, Plaintiff contends that MDTR failed to appear for a properly noticed deposition and has refused to provide alternative dates for the deposition.   Defendant has not filed a response and thus, has offered no explanation for its conduct nor any basis for the motion to be

denied.   Plaintiff asks the Court to enter an order: (1) compelling MDTR to appear for a deposition at the Tampa office of Akerman LLP within fourteen days; (2) striking MDTR's affirmative defenses, or its entire Answer, if it fails to appear for the deposition; and (3) awarding reasonable fees associated with this motion.

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party may move for an order compelling discovery, including compelling attendance at a deposition.   The various sanctions available under Rule 37(b) – including the prohibition of a party from supporting a defense; the striking of pleadings; and the entry of a default judgment – are also at the Court's disposal to be imposed against a party who violates Federal Rule 37(d) by "fail[ing], after being served with proper notice, to appear for that person's deposition."

Upon due consideration, Plaintiff's motion is **GRANTED** to the extent that MDTR's corporate representative shall appear for a deposition at the Tampa office of Akerman LLP within **fourteen (14) days** of this Order.   MDTR is cautioned that failure to appear at the deposition will result in the imposition of sanctions.

Where, as here, a motion to compel discovery is granted, the Court is required to award the fees and expenses incurred in filing the motion unless the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action, or the response of the non-moving party was substantially justified, or if other circumstances make an award of expenses unjust.   Fed.R.Civ.P. 37(a)(5)(A).   Similarly, fees and expenses must be imposed on any party who fails to appear at deposition, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3).   I find that Plaintiff is entitled to reimbursement for the fees and expenses incurred in preparing and filing the instant motion and caused by MDTR's failure to appear at the properly

noticed deposition.   None of the above noted exceptions are presented here.   Indeed, before filing this motion, counsel for Plaintiff corresponded with MDTR's counsel several times in efforts to schedule the deposition.   Further, despite having an opportunity to respond, MDTR has not filed a response nor offered any explanation as to why its conduct was substantially justified and why the award of expenses would be unjust.

Accordingly, MDTR is hereby ordered to pay to Plaintiff the reasonable expenses and attorney's fees incurred by Plaintiff in preparing and filing the instant motion and caused by MDTR's failure to appear at the properly noticed deposition.   Plaintiff shall submit within **ten (10) days** of the date of this Order an affidavit detailing its reasonable expenses and fees.   To the extent that MDTR objects to the amount of expenses and fees claimed by Plaintiff, MDTR shall file a response within **ten (10) days** of service of Plaintiff's affidavit.   Upon receipt of Plaintiff's affidavit and any objections by MDTR, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**DONE** and **ORDERED** in Ocala, Florida on July 1, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties